UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 7);

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 30);

PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT (DKT. 47);

PLAINTIFFS' MOTION TO CORRECT OBJECTIONS AND OPPOSITIONS (DKT. 60);

PLAINTIFF'S REQUEST TO ENTER DEFAULT AGAINST DEFENDANT IVAN AVILES (DKT. 34);

PLAINTIFF'S REQUEST TO ENTER DEFAULT AGAINST DEFENDANT MARIA LUISA AVILES (DKT. 36)
(JS-6)

## I.  Introduction

On July 11, 2014, Yolanda Lopez and Roberto Aviles ("Plaintiffs"), who were then self-represented, filed a Complaint seeking injunctive relief with respect to the alleged conduct of Anthony Trendacosta, Enrique Barajas, Susan Garcia-Avella, Martha Guevara, Marta Castro, John Foster Krattli, Teri Breuer, Ivan Aviles, Maria Luisa Aviles, and the Los Angeles County Juvenile Dependency Court ("Defendants"). Dkt. 1. The Complaint alleged that Defendants violated Plaintiffs' constitutional and statutory rights in connection with a matter pending in the Los Angeles County Juvenile Dependency Court ("Dependency Court") before Commissioner Anthony Trendacosta. *Id.* at 1-2. That case concerns the custody, guardianship and adoption of a minor, Jonathan F.; Plaintiffs allege that he is their grandson. *Id.* at 2. Plaintiffs objected to the procedures followed in those proceedings in which they were unsuccessful in becoming guardians of Jonathan F.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

Defendants Barajas, Garcia-Avella, Guevara, and Marta Castro are social workers employed by the County of Los Angeles Department of Children and Family Services. *Id.* at 4. Krattli and Breuer are the County Counsel and Deputy County Counsel, respectively. *Id.* Plaintiffs allege that each played some role in the Dependency Court proceedings. Ivan Aviles and Maria Luisa Aviles are "the Persons who currently have custody of Jonathan as a result of the Due Process violations of the other Defendants." *Id.*

Plaintiffs claim that the Dependency Court failed to recognize their standing to request guardianship of Jonathan F.; that it failed to conduct an investigation regarding their fitness to have custody of him; that Commissioner Trendacosta did not permit their translator to advise them "of what the commissioner was saying in English while dismissing all our petitions in Court during the May 5, 2014 hearing," and that they were not advised of what had been said until after the hearing. *Id.* at 2, 4-5. On July 14, 2014, Plaintiffs filed an ex parte request with this Court to stay the adoption of Jonathan F., which they said was scheduled for July 15, 2014. Dkt. 3. On that same date, the Court denied the ex parte motion, and stated that it had no jurisdiction to grant the stay under the *Rooker-Feldman* doctrine. Dkt. 6.

On July 18, 2014, Defendants Barajas, Breuer, Castro, Garcia-Avella, Guevara and Krattli filed a motion to dismiss the Complaint ("Barajas Motion"). Dkt. 7. On August 1, 2014, Defendants Trendacosta and Dependency Court filed a separate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) ("Trendacosta Motion"). Dkt. 30. On August 4, 2014, Plaintiffs requested the entry of default against Defendants Ivan Aviles and Maria Luisa Aviles for failing to reply to the Complaint within 21 days of service. Dkts. 34, 36. On August 5, 2014, Plaintiffs filed an Opposition to the Barajas Motion ("Barajas Opposition"), to which a reply was filed on August 12, 2014 ("Barajas Reply"). Dkts. 54, 38. On August 18, 2014, Plaintiffs filed an Opposition to the Trendacosta Motion ("Trendacosta Opposition"), to which a reply was filed on August 26, 2014 ("Trendacosta Reply"). Dkts. 40, 42. On September 11, 2014, Plaintiffs moved for leave to file a First Amended Complaint ("FAC"). Dkt. 47.[1] On September 29, 2014, Boris Smyslov substituted in as the attorney of record for Plaintiffs. Dkts. 51, 52.

A hearing on these matters was conducted on November 24, 2014, and they were taken under submission. Dkt. 64. Each of the Parties was directed to file a statement concerning any appeals in this matter from the Dependency Court to the Second Appellate District. *Id.* These statements were filed on November 26, 2014 and December 1, 2014, respectively. Dkts. 66-69. For the reasons stated in this Order, Plaintiffs' Motion for Leave to File is DENIED, and Defendants' Motions to Dismiss are GRANTED WITH PREJUDICE. Plaintiffs' Motions to Enter Default are DENIED.

## II.     Factual and Procedural Background

The factual allegations of the Complaint are unclear. Plaintiffs allege that "since November 2011, through many requests, applications and petitions in the Los Angeles Juvenile Dependency Court in

---

[1] Plaintiffs also move to correct their Oppositions because a case citation in these was mistaken. Dkt. 60. The Court takes notice of this correction, but no further amendment to the moving papers is needed. Thus, this motion is DENIED.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

Monterey Park, Case No. CK 90647, we have attempted to get guardianship and/or custody of our Grandson, yet we have been completely passed over and ignored." Dkt. 1 at 3. They also allege that Commissioner Anthony Trendacosta, who presided over those proceedings, ruled that Plaintiffs lacked standing to be heard. *Id.* at 1-2.

Six appeals or writ petitions were filed with the California Court of Appeal concerning the Dependency Court case. Dkt. 68, Ex. A. Three were filed by Plaintiffs or on their behalf. Dkts. 66, 68. On June 30, 2013, Plaintiffs, together with Lynda Jones, filed a writ petition. Dkt. 66, Exs. E, F. It requested an order that the Dependency Court recognize their standing, conduct an evidentiary hearing on their fitness to have custody of the minor and return temporary custody and physical possession of the minor to them pending a final decision following the evidentiary hearing. Dkt. 66, Ex. G at 10. The docket indicates that the Los Angeles County Department of Children and Family Services filed a motion to dismiss the appeal on November 25, 2013, and Plaintiffs filed an opposition on December 10, 2013. Dkt. 68, Ex. C. The motion to dismiss was granted on December 16, 2013. *Id.*

In a second writ petition, which was filed on July 12, 2013, Lynda Jones attempted to seek relief on behalf of Plaintiffs. Dkt. 66 at 2; *id.* Ex. C. This writ was dismissed due to Jones's lack of standing. *Id.*

Plaintiffs contend that on May 5, 2014, another Dependency Court hearing took place at which Commissioner Trendacosta dismissed all of their requests for relief, but refused to permit their translator to advise them of what was being said in English. Compl., Dkt. 1 at 4. Thus, they allege that they did not know what had been said until after the hearing, when they heard a translation into Spanish. *Id.* at 4-5. With respect to this aspect of the proceedings, the Complaint alleges that:

> We were shocked to learn for the very first time that the Court, by supposition only, there being no testimony and/or admissible evidence in the Court's file to support such supposition, and without asking us any questions or permitting us to testify at all, made an official finding on the record that we were a risk to our Grandson, Jonathan, based on the prior finding of the Court that his parents were a risk to Jonathan. Somehow the termination of parental rights as to Natalie and Juvenal became applicable to Roberto and me.

*Id.* Plaintiffs also offer as an Exhibit a letter from the Edmund D. Edelman Children's Court, which is dated May 14, 2014. It states that "[w]e are unable to process your Petition for Rehearing as you have no standing in this case." Dkt. 3 at 10. In their originally filed Complaint, Plaintiffs stated that the "permanent adoption of Jonathan F away from our family is set to be finalized by Commissioner Trendacosta on July 15, 2014." Dkt. 1 at 3. In their proposed FAC, Plaintiffs include the additional allegation that, "the permanent adoption of Jonathan F away from our family could be finalized any day by Commissioner Trendacosta. . . . We did not have the time to ask for a Writ of Mandate to be issued by the California Supreme Court to order the acceptance of our Notice of Appeal." Dkt. 47 at 6.

Plaintiffs filed a third writ petition to the Court of Appeal on May 30, 2014. Dkt. 68, Ex. 2. In a related filing with the Dependency Court, Plaintiffs stated that they were "appealing the May 5, 2014; May 14, 2014 decisions of this Court in denying our Grandparents Custody Rights to our Grandson." Dkt. 66, Ex. A at 12. This petition was dismissed on June 4, 2014. Dkt. 68, Ex. 2.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

**III.    Analysis**

    **A.    Legal Standard**

        1.    <u>Leave to Amend</u>

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal citations omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

If a court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. This issue warrants careful analysis if a plaintiff is self-represented. *Id.* at 1130-31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citing *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *See Cato*, 70 F.3d at 1105-06*; see also Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) ("there is no need to prolong the litigation by permitting further amendment" where the "basic flaw" in the pleading cannot be cured by amendment); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("[b]ecause any amendment would be futile, there was no need to prolong the litigation by permitting further amendment").

        2.    <u>Dismissal Under Rule 12(b)(1) and Rule 12(b)(6)</u>

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) is premised on the claim that the court lacks subject matter jurisdiction. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Because federal courts are courts of limited jurisdiction, "a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, dismissal is required under Fed. R. Civ. P. 12(b)(1) when a suit is brought by a plaintiff who lacks standing under Article III to bring the action. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109-10 (1998). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual . . . ."). In the former, the challenger asserts that the allegations contained in a complaint are insufficient on their face to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Courts must accept the allegations of the complaint as true in a facial attack. *See Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd*, 56 F.3d

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

1177 (9th Cir. 1995). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039.

Fed. R. Civ. P. 12(b)(6) provides that an action may be dismissed if a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Plausibility is achieved when the pleadings contain factual elements that allow the court to draw a reasonable inference that misconduct occurred. *Id.* When a court considers a motion to dismiss, it first separates the "recitals of the elements of [an] action" from the factual allegations. *Id.* The court then assumes the factual allegations are true, and ignores the legal conclusions. *Id.* After eliminating the bare legal conclusions from the complaint, the court reviews the factual allegations and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Dismissal of a claim is warranted where there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, where a set of facts, even if true, would not entitle the plaintiff to relief, dismissal is appropriate. *Id.*

> **B.      Application**
>
> > 1.      <u>Plaintiffs' Motion for Leave to File; Defendants' Motions to Dismiss</u>

If Plaintiffs' Motion for Leave to File were granted, the FAC would become the operative complaint, and Defendants' Motions to Dismiss would become moot. Defendants did not file an opposition to the Motion for Leave to File. However, they did not do so because Magistrate Judge Nagle, before whom this matter was proceeding prior to the appearance of counsel for Plaintiffs, ordered Defendants not to file a response to the proposed FAC pending her review to determine whether leave to amend was warranted. Dkt. 48.

The proposed FAC adds certain new allegations. They are not addressed in the current briefing. However, both the Complaint and the FAC contain similar factual allegations, concerning proceedings before the Dependency Court and the California Court of Appeal. Each seeks the same core relief, *i.e.*, an affirmative injunction requiring the Dependency Court to hear Plaintiffs' testimony and to provide them certain other procedural rights in connection with the proceedings involving Jonathan F. Dkt. 47 at 11. At the heart of the dispute among the parties with respect to the pending motions is whether the forms of review and relief sought by Plaintiffs are available as a matter of law. Leave to amend will not be granted if amendment is futile, *e.g.*, *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Therefore, the arguments raised by the Parties with respect to the Complaint are also germane to Plaintiffs' Motion for Leave to File.

> > > a)      Under *Rooker-Feldman*, the Court Lacks Jurisdiction over Either the Complaint or the Proposed FAC

All Defendants argue that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. Its name is derived from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

*Appeals v. Feldman*, 460 U.S. 462 (1983). Under this doctrine, federal district courts lack jurisdiction over "injuries caused by state-court judgments rendered before the federal district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005). The limitations imposed by *Rooker-Feldman* apply equally to federal constitutional claims, including those based on due process and those brought pursuant to 42 U.S.C. § 1983. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). The basis for this doctrine is the following:

> *Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. In part, this prohibition arises through a negative inference from 28 U.S.C. § 1257, which grants jurisdiction to review a state court judgment in the United States Supreme Court. That is, while § 1257 explicitly authorizes the United States Supreme Court to hear an appeal from a state court judgment, it impliedly prohibits the lower federal courts from doing so.

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citations omitted).

Whether an action brought in a federal court is a de facto appeal from a state court determination turns on whether the allegations advanced in the federal complaint are "inextricably intertwined" with state court decisions in judicial proceedings. *Feldman*, 460 U.S. at 486-87. "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). This rule applies to interlocutory orders as well as final judgments issued by state courts. *Id.*

Even if both the new allegations in the proposed FAC and the allegations in the Complaint are considered, the outcome is the same. Thus, the injury alleged by Plaintiffs is predicated on the claim that the adverse rulings by Commissioner Trendacosta in the state court proceeding were in error. Plaintiffs contend that Commissioner Trendacosta "illegally denied us standing," denied them an interpreter, refused to permit Plaintiffs to testify or Attorney Magdaleno to make a special appearance on their behalf, and wrongly "made an official finding on the record that we were a risk to our Grandson." Dkt. 47 at 12. Plaintiffs contend that these decisions violated their federal due process rights and have been fatal to their attempts to have their request for custody decided "on the merits." *Id.* at 8.

Plaintiffs cite California case law and statutes that they say support their position. As to Commissioner Trendacosta and the Dependency Court, Plaintiffs seek an injunction requiring that their testimony be heard and they be provided with an interpreter. *Id.* at 13-15. As to the other Defendants, Plaintiffs seek an injunction ordering them to "honor our Due Process Rights, obey the Statutes and Case Law cited above and order the State Agent Defendants to conduct the § 360, 361.3 process as required by our Due Process Rights under the Federal Constitution." *Id.* at 15. In a joint scheduling conference report prepared after Plaintiffs obtained counsel, they assert, "[t]here are no money damages at issue in this case. The only concession or agreement required of the defendants is that they agree that the plaintiffs have standing in the Juvenile Dependency Court and are entitled to an evidentiary hearing related to their claims of guardianship on their grandchild." Dkt. 62 at 6.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

These alleged injuries, and the corresponding remedies sought by Plaintiffs, are matters over which a district court lacks jurisdiction under the *Rooker-Feldman* doctrine. To find a basis for, and to grant the requested relief, this Court would be required to decide that Commissioner Trendacosta erred in his conclusion that Plaintiffs lacked standing. Thus, Plaintiffs' Complaint and FAC present issues that are "inextricably intertwined" with those raised in the state court proceedings. *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). Moreover, in reaching such a conclusion this Court would have conducted a de facto appeal of state court orders. That is not permitted. *Sareen v. Sareen*, 356 F. App'x 977 (9th Cir. 2009) (unpublished opinion). In *Sareen*, the Ninth Circuit affirmed a district court's dismissal of a 42 U.S.C. § 1983 action alleging constitutional violations in connection with the plaintiff's child custody proceedings. It was held that this was a "'forbidden de facto appeal' of a state court decision, and raise[d] constitutional claims that are 'inextricably intertwined' with that prior state court decision." *Id.* at 977. *See also Ismail v. Cnty. of Orange,* 2012 WL 1642210, at *11 (C.D. Cal. Mar. 21, 2012), *report and recommendation adopted*, 2012 WL 1642207 (C.D. Cal. May 8, 2012) (court lacked jurisdiction to consider plaintiff's claims that erroneous state court orders in dependency court proceedings violated her federal constitutional rights).

The proposed FAC seeks relief from Defendants other than Commissioner Trendacosta and Dependency Court. However, there is no jurisdiction here to address such claims or grant the requested relief. Plaintiffs seek an order "[o]rdering the Department of Family Services to conduct the mandatory investigative report . . . regarding our fitness, as Jonathan's Grandparents, for custody of our own grandchild." Dkt. 47 at 8. They request that this order be "filed with the Juvenile Dependency Court," that they be "provided a copy of the report in a timely manner," that Defendants "verify its truthfulness and accuracy," and that Defendants "consider the report in good faith." *Id.* Even assuming that the preparation of the investigative report is an action that is distinct from Dependency Court proceedings, an order that Defendants produce the report would be futile. Its only purpose would be to present it to Commissioner Trendacosta as part of an effort to have him reconsider his earlier orders as to standing and the custody of Jonathan.  For these reasons, the relief sought through any required actions by the non-judicial Defendants is also inextricably intertwined with the state court proceedings.

Plaintiffs argue that *Rooker-Feldman* is inapplicable because "there has been no 'final' determination on the merits to review," and "no hearings were ever held to present evidence." Trendacosta Opp'n, Dkt. 40 at 21-22. Plaintiffs cite *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013), and *Whiteford v. Reed*, 155 F.3d 671 (3d Cir. 1998), in support of this argument. These cases are distinguishable. *Bell* concerned the § 1983 action brought by a group of homeless persons, who alleged that the City of Boise enforced certain ordinances in violation of the Constitution. These plaintiffs argued that they had been illegally arrested and cited by state courts under the unconstitutional ordinances. They sought retrospective relief, including the expungement of these arrests and convictions from their records and the reimbursement of any criminal fines or costs of incarceration incurred. *Bell*, 709 F.3d 893-94. The Ninth Circuit found that *Rooker-Feldman* did not apply because these claims "did not allege before the court that the state court committed legal error, nor did they seek relief from the state court judgment itself. Rather, Plaintiffs assert[ed] 'as a legal wrong an allegedly illegal act ... by an adverse party'—the City's allegedly unconstitutional enforcement of the Ordinances." *Id.* at 897. Here, by contrast, Plaintiffs seek direct relief from the rulings of Commissioner Trendacosta.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

The decision of the Third Circuit in *Whiteford* is not binding in this Circuit. Moreover, it does not support Plaintiffs' position. In *Whiteford*, a state court dismissed the plaintiff's petition for review of an administrative order, without considering the constitutional claims it raised, because of "numerous substantial errors" in the petition. 155 F.3d at 674. The Third Circuit held that the district court had jurisdiction to consider the constitutional claims because these were never adjudicated by the state court. *Id.* Here, Commissioner Trendacosta considered, and rejected, Plaintiffs' claim that they had standing to appear in the dependency proceedings.

Plaintiffs also rely on *Lance v. Dennis*, 546 U.S. 459 (2006), to support the position that *Rooker-Feldman* does not apply. Dkt. 62 at 3. In that case, the Supreme Court held that *Rooker-Feldman* is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding," even if under traditional principles of claim preclusion the parties would be considered to be in privity. 546 U.S. at 464-466. Plaintiffs contend that *Lance* applies because they had "never been a party to the state proceedings because in violation of the statute and established case law the court ruled that they have no standing." Dkt. 62 at 3. *Lance* is distinguishable. It held that a federal district court had jurisdiction to consider the challenge brought by a group of Colorado citizens to a Congressional redistricting, notwithstanding that the Colorado Supreme Court previously had ruled against the Colorado Attorney General in a similar case. 546 U.S. at 460-61. *Rooker-Feldman* was inapplicable because the citizens bringing the federal suit lacked standing to appeal the state court ruling because they were not parties in those proceedings. *Id.* at 463. Here, by contrast, Plaintiffs could and did appeal Commissioner Trendacosta's ruling that they lacked standing. Thus, unlike the citizens in *Lance*, Plaintiffs seek a de facto appeal of a state court ruling that they had standing to appeal to the California appellate courts, and, ultimately, to the United States Supreme Court. Therefore, *Lance* does not provide an escape from *Rooker-Feldman*.[2]

Similarly, Plaintiffs argue that there was no determination "on the merits," because there was no decision "as to the Grandparents' separate and distinct rights to their grandchild," but only a decision that Plaintiffs "have no standing to be heard on the custody [of] their Grandchild." Trendacosta Opp'n, Dkt. 40 at 22. But, this is the very decision to which Plaintiffs object and challenge in this case. Such a claim is barred by *Rooker-Feldman* and 28 U.S.C. § 1257. Plaintiffs also argue that there has been no "'decision on the merits' regarding our standing in this case. Our statutory and Constitutional authority to be heard concerning the custody of our grandson has simply been ignored." Dkt. 47 at 5. It appears that Plaintiffs' argument is that the process afforded them during the state court proceedings was deficient such that *Rooker-Feldman* should not apply.

---

[2] Out of context, it is true that the "not a party" language of *Lance* could be read to permit federal collateral challenges to state court determinations that a party lacked standing. However, this interpretation of the language would be inconsistent with the great weight of *Rooker-Feldman* jurisprudence. Thus, it would mean that the de facto appeal of state court determinations regarding standing could be pursued in a federal district court despite the fact that these appeals could be brought to the state courts of appeals, and, ultimately the U.S. Supreme Court. For these reasons, the better reading of the language in *Lance* is that it addressed the narrower issue of privity between a federal litigant and a different, unsuccessful state court litigant.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

As noted, on several occasions Plaintiffs sought appellate review of rulings by the Dependency Court. First, Plaintiffs' June 30, 2013 writ petition sought an order that the Dependency Court recognize their standing, conduct an evidentiary hearing on their fitness to take custody of the minor and return temporary custody and physical possession of the minor to Plaintiffs pending a final decision after the evidentiary hearing. This petition was dismissed on the Los Angeles County Department of Children and Family Services' motion on December 16, 2013, on grounds that are not made clear by the record. Dkt. 68, Ex. C.[3] Plaintiffs contend that "the appeal was dismissed by motion and no decision on the merits was made." Dkt. 68 at 2. Second, the writ petition that Lynda Jones attempted to file on behalf of Plaintiffs on July 12, 2013 was dismissed for lack of standing. Dkt. 66 at 2; *id.* Ex. C. Third, Plaintiffs' May 30, 2014 writ petition, which concerned Dependency Court matters, including Commissioner Trendacosta's May 5, 2014 ruling that they lacked standing and his May 14, 2014 denial of their request for rehearing, was denied on June 4, 2014. Dkt. 66, Exs. B, E. Plaintiffs contend that there was no hearing or written decision on this petition. FAC, Dkt. 47 at 9.

If, as Plaintiffs allege, neither Judge Trendacosta nor the Court of Appeal fairly considered their claims on the merits, this could potentially warrant an exception to a judicially created defense such as res judicata or collateral estoppel. *See Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 480-81 (1982) ("[T]he judicially created doctrine of collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a "full and fair opportunity" to litigate the claim or issue."). However, the Ninth Circuit has made clear that the alleged unfairness or even constitutional deficiency of a state court judgment do not create a similar exception to the *Rooker-Feldman* doctrine:

> [Plaintiff's] claims would still be barred under *Rooker–Feldman* even if the state court had not actually decided his constitutional claims. The *Rooker–Feldman* doctrine does not require us to determine whether or not the state court fully and fairly adjudicated the constitutional claim. Nor is it relevant whether the state court's decision is res judicata or creates the law of the case under state law. *See Feldman,* 460 U.S. at 488, 103 S.Ct. 1303 (recognizing distinction between *Rooker* and res judicata analysis); *Kenmen,* 314 F.3d at 478–79; *GASH Associates,* 995 F.2d at 728. Unlike res judicata, which requires courts to look to the preclusive effect of prior judgments under state law, *Rooker–Feldman* looks to federal law to determine "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils,* 82 F.3d 1362, 1365 (7th Cir.1996). "If the injury alleged resulted from the state court judgment itself, *Rooker–Feldman* directs that the lower federal courts lack jurisdiction." *Id.* Accord *GASH Associates,* 995 F.2d at 728 (holding that *Rooker–Feldman* barred the action "because the plaintiffs' injury *stemmed from the state judgment*—an erroneous judgment, perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless.").

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 900-01 (9th Cir. 2003).

---

[3] The Department's motion to dismiss argued, in the alternative, that Plaintiffs' dependency court petition was procedurally defective, that Plaintiffs lacked standing and that Plaintiffs failed to show that changing custody of the minor would be in his best interest. Dkt. 66, Ex. H.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

Plaintiffs contend that the appellate rulings were themselves the products of due process violations. Once again, this Court lacks jurisdiction to address these claims, because they are "inextricably intertwined" with the appellate court rulings. All of the rulings challenged by Plaintiffs were made prior to the filing of their federal Complaint. Thus, under the *Rooker-Feldman* doctrine, this Court has no jurisdiction to hear the claims raised by Plaintiffs' Complaint or proposed FAC.

        b)        Other Offered Grounds for Motions to Dismiss

Defendants raise several other grounds to dismiss, including lack of standing, abstention, the domestic relations exception to federal jurisdiction, Eleventh Amendment immunity and judicial immunity. Because *Rooker-Feldman* is dispositive, these grounds are addressed only briefly.

Defendants' standing argument is coextensive with their *Rooker-Feldman* argument. There are three elements to constitutional standing: (i) injury in fact; (ii) a causal connection between the injury and the conduct complained of; and (iii) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Assuming *arguendo* that the California statutes cited by Plaintiffs created an interest in their participation at the Dependency Court proceedings,[4] and that Defendants' conduct caused a concrete and particularized injury to this interest, the third element, redress for the claimed injury, would be absent because this Court lacks jurisdiction to order the relief sought. *See, e.g.*, *Cleveland Surgi-Ctr., Inc. v. Jones*, 2 F.3d 686, 688 (6th Cir. 1993) (plaintiff lacks Article III standing when *Rooker-Feldman* applies because no redressability exists).[5]

Of the remaining issues presented by the motions, *Younger*/*Pennzoil* abstention is potentially applicable. Federal courts are to abstain from exercising jurisdiction over the subject matter of concurrent state proceedings if the state proceedings are "(1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). *H.C. ex rel. Gordon* held that these criteria were present in ongoing child custody proceedings, and *Younger* abstention warranted the dismissal of a related § 1983 action brought in federal court. *Id.* at 613-14. It is unclear from Plaintiffs' proposed FAC whether the Dependency Court proceedings are still "ongoing." Nonetheless, abstention from the exercise of jurisdiction assumes the existence of jurisdiction. This is not present here for the reasons discussed above. *See Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (*Younger* abstention does not apply where *Rooker-Feldman* bars jurisdiction).

Defendants' other arguments are unpersuasive. *First*, the domestic relations exception to federal jurisdiction applies only to diversity claims; it does not apply to claims brought under the federal

---

[4] Such an interest would have to arise under state law rather than the federal Constitution. *See Mullins v. State of Or.*, 57 F.3d 789, 797 (9th Cir. 1995) (holding that "grandparents *qua* grandparents have no constitutionally protected liberty interest in the adoption of their children's offspring").

[5] In addition, mandatory injunctions ordering parties to perform specific acts are "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

question jurisdiction statute, 28 U.S.C. § 1331, which include 42 U.S.C. § 1983 claims. *See Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 698 (1992)). *Second*, even if Defendants are correct that the Dependency Court and Commissioner Trendacosta are the "state" for purposes of immunity under the Eleventh Amendment, that "does not bar actions when citizens seek only injunctive or prospective relief against state officials who would have to implement a state law that is allegedly inconsistent with federal law." *Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1072 (9th Cir. 2014) (citing *Ex parte Young*, 209 U.S. 123 (1908)). This is the sole form of relief sought by Plaintiffs. Dkt. 47 at 15. *Third*, judicial immunity "is not a bar to prospective injunctive relief against a [state] judicial officer acting in her judicial capacity," which is the only kind of relief sought by Plaintiffs in this action. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *cf. Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (federal judges and judicial officers do have judicial immunity from injunctive relief).

        c)      Disposition

            (1)      Plaintiffs' Motion for Leave to File the FAC

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

For the reasons stated, even if Plaintiffs could prove all of the facts alleged in the FAC, including the claimed procedural deficiencies and substantive errors by the Dependency Court and Court of Appeal, there would still be no jurisdiction here due to the *Rooker-Feldman* doctrine. Plaintiffs may seek review of the decisions of these courts through the appellate processes available in the California judicial system. And, once that process has been completed, they may seek review by the United States Supreme Court. *See* 28 U.S.C. § 1257. Because Plaintiffs' proposed FAC is a de facto appeal over which this Court lacks jurisdiction, their Motion for Leave to File the FAC is DENIED.[6]

            (2)      Defendants' Motions to Dismiss

A motion to dismiss under Rule 12(b)(1) should be granted when, accepting as true all of the factual allegations in the Complaint, the Complaint is insufficient on its face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Although federal district courts generally have original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, they lack jurisdiction to hear de facto appeals of state court decisions. *See* 28 U.S.C. § 1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This is the form of review sought by Plaintiffs. Thus, because this Court lacks subject matter jurisdiction, Defendants' Motions to Dismiss are

---

[6] Plaintiffs state that they may request a stay of these proceedings pending their exhaustion of the state appellate process. Dkt. 68 at 3. This Court would lack jurisdiction even once all state appellate proceedings conclude. Federal appellate jurisdiction would lie exclusively with the United States Supreme Court. *See* 28 U.S.C. § 1257. For these reasons, such a request would be denied.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV 14-05406 JAK (MANx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | Yolanda Lopez, et al. v. Anthony Trendacosta, et al. | | |

GRANTED.

        2.        <u>Plaintiffs' Motions to Enter Default</u>

Fed. R. Civ. P. 55(a) provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[7] Plaintiffs have produced affidavits of service, executed by Lynda L. Jones, showing that Defendants Ivan Aviles and Maria Luisa Aviles were served with the Summons and Complaint on July 11, 2014. Dkts. 34, 36.[8] These Defendants failed to answer or respond to the Complaint within 21 days of service, *see* Fed. R. Civ. P. 12(a). Therefore, under the plain language of Rule 55(a), default "must" be entered against them. The effect of an entry of default is that the factual allegations of the complaint are deemed true. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). Plaintiffs allege that "Ivan Aviles and Maria Luisa Aviles are the Persons who currently have custody of Jonathan as a result of the Due Process violations of the other Defendants." Dkt. 1 at 4, Dkt. 47 at 11.

As stated, even if the factual allegations as against all Defendants, including Ivan and Maria Luisa Aviles, are taken as true, the FAC and the Complaint fail to state claims over which this Court has jurisdiction. Thus, the entry of default, while mandatory under Rule 55(a), could not form the basis for a subsequent entry of default judgment against Ivan and Maria Luisa Aviles. *See* Fed. R. Civ. P. 55(b) (parties must apply to the court for a default judgment where the plaintiff's claim is not for a sum certain); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (courts must consider the merits of plaintiffs' substantive claims and the sufficiency of the complaint before entering default). Because the entry of default would be a futile, Plaintiffs' Motions to Enter Default are DENIED.

**IV.**        <u>Conclusion</u>

For the reasons stated in this Order, Plaintiffs' Motion for Leave to File is DENIED, and Defendants' Motions to Dismiss are GRANTED WITH PREJUDICE. Plaintiffs' Motions to Enter Default are DENIED.

**IT IS SO ORDERED.**

                                                                                                        :

Initials of Preparer    ak

---

[7] The Clerk did not enter default because Magistrate Judge Nagle ordered that the Motions for Entry of Default be heard in connection with the other Motions. Dkt. 58.

[8] Jones testifies that she gave these documents to Maria Luisa Aviles, the wife and co-occupant of Ivan Aviles, on his behalf as well as her own. This form of service was effective with respect to Ivan Aviles. *See* Fed. R. Civ. P. 4(e)(2)(B).